UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JULIOUS KING,

       Petitioner,

v.                                                                                                  Case No. 06-C-0601

GRIMMS, Acting Warden,

       Respondent.

## ORDER ON RULE 4 REVIEW

On May 18, 2006, the petitioner, Julious King ("King"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that on February 26, 2002, he was convicted of felony murder (party to a crime) and armed robbery (party to a crime) in the Milwaukee County Circuit Court, for which he was sentenced to serve 30 years in prison and thereafter 20 years on extended supervision. King's petition, together with the documents accompanying it, demonstrate that the Wisconsin Court of Appeals affirmed King's judgment of conviction on February 22, 2005. On May 11, 2005, the Wisconsin Supreme Court denied his petition for review. King did not petition the United States Supreme Court for a writ of certiorari.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the

judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

From the face of King's petition and the materials filed therewith, I cannot conclude that the petitioner is plainly not entitled to relief in the district court. Accordingly, the respondent will be ordered to file an answer to the petition and the parties will be ordered to file briefs in support of their respective position on King's petition in accordance with the schedule set forth below.

**NOW THEREFORE IT IS ORDERED** that <u>on or before July 10, 2006</u>, the respondent shall file an answer to the petition;

**IT IS FURTHER ORDERED** that <u>on or before August 10, 2006</u>, the petitioner shall file a brief in support of his petition;

**IT IS FURTHER ORDERED** that <u>on or before September 11, 2006</u>, the respondent shall file a brief in response to the petitioner's brief;

**IT IS FURTHER ORDERED** that <u>on or before October 11, 2006</u>, the petitioner shall file his reply brief;

**SO ORDERED** this <u>19th</u> day of May 2006, at Milwaukee, Wisconsin.

<u>/s/ William E. Callahan, Jr.</u>
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge